■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERSKIN EPPS, Appellant. [682 NYS2d 247] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), entered October 28, 1996, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, pleaded guilty to attempted promoting prison contraband in the first degree and waived his right to appeal all issues except for sentencing. Defendant was sentenced, as a second felony offender, according to the plea agreement to a prison term of 1½ to 3 years to be served consecutively to the prison term he was then serving. Defendant appeals arguing that, *inter alia*, the waiver of his right to appeal was not made knowingly, intelligently or voluntarily, he was denied effective assistance of counsel and the statute of which he was convicted was unconstitutional.

Initially, we note that defendant's contentions that his waiver of his right to appeal was not voluntarily, knowingly and intelligently made and that he was denied effective assistance of counsel survive the waiver of his right to appeal inasmuch as the alleged deficiencies impacted his plea (*see, People v Seaberg*, 74 NY2d 1, 10; *People v Conyers*, 227 AD2d 793, 794, *lv denied* 88 NY2d 982). Defendant's claims, however, have not been preserved for our review in light of defendant's failure to make either a motion to vacate or withdraw his plea (*see, People v Chappelle*, 250 AD2d 878, 879, *lv denied* 92 NY2d 894; *People v Johnson*, 243 AD2d 997, *lv denied* 91 NY2d 926). In any event, a review of the record indicates that defendant knowingly, intelligently and voluntarily waived his right to appeal after County Court advised him of his rights and the consequences of the waiver of his right to appeal (*see, People v Jackson*, 245 AD2d 964, *lv denied* 91 NY2d 926; *People v Ubrich*, 245 AD2d 886, *lv denied* 91 NY2d 945). Moreover, as a whole, defendant received meaningful representation from which he received the benefit of an advantageous plea agreement (*see, People v Brunner*, 244 AD2d 831).

In regard to defendant's contention that Penal Law §§ 205.00 and 205.25 are unconstitutional, this Court has previously held that the statutes are neither unconstitutionally vague (*see, People v Rivera*, 221 AD2d 380, *lv denied* 87 NY2d 977; *People v Hughes*, 212 AD2d 910, 911; *People v Watson*, 162 AD2d 1015) nor unconstitutional as an improper delegation of legislative authority (*see, People v Samull*, 181 AD2d 946, *lv denied* 79 NY2d 1054; *People v Palmer*, 177 AD2d 735, *lv denied* 79 NY2d 922; *People v Richardson*, 177 AD2d 735, *lv denied* 79 NY2d 952; *People v Anderson*, 127 AD2d 885).

Defendant's remaining arguments have been reviewed and found to be either lacking in merit or unpreserved for our review in light of defendant's waiver of his right to appeal.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.