■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONIL SOCRATES, Also Known as DE JESUS SOCRATES, Appellant. [762 NYS2d 293] —Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 26, 2001, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On May 24, 2001, a police-controlled confidential informant allegedly purchased cocaine from defendant at his residence. Based thereon, the police applied for and received a no-knock search warrant, the execution of which resulted in the seizure of 27 individually wrapped packages of cocaine, a loaded .22 caliber rifle and a sum of money. Defendant was indicted on a variety of drug possession charges and criminal possession of a weapon in the fourth degree, to which he pleaded not guilty. County Court set August 20, 2001 for motions but, after changing attorneys and following a pretrial conference on August 16, 2001, defendant entered a plea of guilty to one count each of criminal possession of a controlled substance in the third and fourth degrees in full satisfaction of the charges against him with the understanding that he would be sentenced to two concurrent prison terms of $1^1/_2$ to $4^1/_2$ years. Defendant was sentenced as agreed and now appeals from the judgment of conviction.

Defendant's principal argument on appeal, ineffective assistance of counsel, is premised on the failure of defense counsel to move to suppress the physical evidence seized pursuant to the search warrant. Defendant asserts that the affidavit submitted in support of the search warrant application sets forth no facts or circumstances showing either that the confidential informant was reliable or that he or she had a basis of knowledge for the information furnished. Hence, defendant argues that the physical evidence would have been suppressed and the indictment dismissed.

Regardless of the merit of this argument, the entry of a guilty plea constitutes an affirmative waiver of all unresolved suppression issues (*see People v White,* 300 AD2d 830, 832 [2002], *lv denied* 99 NY2d 586 [2003]). Notably, defendant's appellate counsel does not argue that the ineffective assistance of counsel affected the voluntariness of defendant's plea of guilty. If we were to infer such an argument from the totality of the brief, we would nevertheless remain unpersuaded. First, the plea

colloquy demonstrates that defendant voluntarily entered a plea of guilty. Second, defendant affirmatively expressed his satisfaction with the services of trial counsel. Third, defense counsel's failure to request a suppression hearing does not, without more, establish a claim of ineffective assistance of counsel (*see People v Longshore,* 222 AD2d 941 [1995], *lv denied* 88 NY2d 850 [1996]). On this record, we are unable to state that no legitimate strategy was pursued by defense counsel, particularly where, as here, a defendant, who could have been sentenced to 8⅓ to 25 years, receives a sentence of 1½ to 4½ years (*see People v Lynn,* 295 AD2d 753, 754 [2002]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.