■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TABITHA LAWRENCE, Appellant. [823 NYS2d 625]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 22, 2005, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant, charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree, pleaded guilty, as a second felony offender, to the reduced charge of criminal sale of a controlled substance in the fifth degree pursuant to a negotiated plea agreement which included the waiver of a right to appeal. Defendant's motion to withdraw her guilty plea, submitted on her behalf by a second assigned counsel after she expressed dissatisfaction with her original representation, was denied by County Court which subsequently imposed the agreed-upon sentence of 2 to 4 years in prison. On this appeal, defendant maintains that County Court's denial of her motion to withdraw her guilty plea was improper because, as a result of her mental condition, she did not enter into the plea knowingly, intelligently and voluntarily. She likewise maintains that she was denied the effective assistance of counsel.

"The determination of a motion to withdraw a guilty plea lies within the sound discretion of the trial court" (*People v Morris*, 30 AD3d 632, 632 [2006] [citations omitted]). Notably, the denial of such a motion is not an abuse of discretion, despite defendant's mental health condition, where the trial court has been aware of that condition throughout the proceedings and "conducts a thorough inquiry . . . to establish that, despite those deficiencies, defendant understood the nature of the charges and the consequences of the plea and the motion to withdraw is based upon defendant's unsubstantiated claims of lack of comprehension" (*People v D'Adamo*, 281 AD2d 751, 752 [2001], *lv denied* 98 NY2d 730 [2002]).

Here, notwithstanding the submission by defendant of documentary evidence attesting to her treatment for bipolar disorder, a review of the record reveals that County Court had been apprised of defendant's personal problems prior to its execution of a meticulous plea allocution, during which it acknowledged defendant's earlier discomfort with the proposed plea agreement and repeatedly ascertained her willingness to knowingly, intelligently and voluntarily enter into such. Furthermore, despite defendant's protestations to the contrary, inasmuch as the record indicates that defense counsel competently protected her interests and, indeed, negotiated a very advantageous plea that she herself described as an "excellent offer," she cannot be said to have been deprived of meaningful representation (*see People v La Porte*, 31 AD3d 800, 801 [2006]).

Carpinello, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.