■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL PARARA, Appellant. [846 NYS2d 762]—

Carpinello, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered September 12, 2006, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree and attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted on two counts of assault in the second degree and one count of promoting prison contraband in the second degree. The charges arose from an incident wherein defendant, in attempting to prevent a correction officer from recovering contraband on his person, struck that correction officer in the head. Defendant thereafter agreed to plead guilty, under a superceding superior court information, to attempted assault in the second degree and attempted promoting prison contraband in the first degree with the express understanding that he would be sentenced as a second felony offender to consecutive prison terms of 2 to 4 years on each charge. This agreement limited defendant's otherwise significant exposure, as a persistent felon, to a much greater sentence. Pursuant to the plea agreement, defendant waived his right to appeal and the People dismissed the original indictment. Sentenced in accordance with this agreement, he now appeals. We affirm.

Defendant argues that his plea allocution was insufficient because certain statements made by him cast doubt on his guilt. He further argues that, despite his failure to move to withdraw his plea or vacate the judgment of conviction, this issue is properly before this Court under the exception to the preservation rule outlined under *People v Lopez* (71 NY2d 662, 666 [1988]). We are unpersuaded. Here, to the extent that defendant

made statements casting doubt on his guilt during the plea allocution, County Court promptly conducted further inquiry to remove any such doubt and to ensure a knowing and voluntary plea on his part (*see e.g. People v Clavie*, 28 AD3d 872, 873 [2006]; *People v Chapple*, 269 AD2d 621, 622 [2000], *lv denied* 94 NY2d 917 [2000]; *cf. People v Pagan*, 36 AD3d 1163, 1164 [2007]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (*People v Lopez*, 71 NY2d at 668 [citation omitted]; *see People v Clinton*, 22 AD3d 887, 887 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Wilson*, 16 AD3d 781, 781 [2005]). In any event, were we to consider's defendant's claim, we would find it to be without merit in that our review of the allocution reveals a knowing, voluntary and intelligent plea.

Next, defendant's claim of ineffective assistance of counsel as it relates to the voluntary nature of his plea, although surviving his waiver of the right to appeal, is nevertheless unpreserved for review since he failed to move to withdraw the plea or vacate the judgment of conviction (*see e.g. People v Robinson*, 42 AD3d 581, 581-582 [2007]; *People v La Caille*, 26 AD3d 592, 593 [2006], *lv denied* 6 NY3d 835 [2006]; *People v Epps*, 255 AD2d 840 [1998]). Were we to consider this argument, we would also find it to be without merit. Nothing in the record suggests that defense counsel's representation was less than meaningful, particularly in light of the extremely advantageous plea received by defendant (*see e.g. People v Kagonyera*, 23 AD3d 840, 841 [2005]; *People v Frierson*, 21 AD3d 1211, 1212 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Thomas*, 6 AD3d 754, 755 [2004]; *People v Epps, supra*).

Defendant's remaining contentions, to the extent properly before us given the negotiated plea, have been reviewed and found to be meritless.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.