■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL STOKELY, Appellant. [853 NYS2d 221]—

Spain, J.

Defendant now appeals, contending his guilty plea and appeal waiver were not knowing, voluntary and intelligent. His challenge to his plea is not preserved for our review since he never moved to withdraw his plea or to vacate the judgment of conviction. In any event, it is devoid of merit, as the record reflects that he was advised of the rights he was foregoing by the plea and the consequences thereof, which he indicated he understood, including his sentencing exposure and his status as a second felony offender (*see People v Bowman*, 34 AD3d 935, 937 [2006], *lv denied* 8 NY3d 844 [2007]; *see also People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]). Further, defendant made no statements during the colloquy which cast doubt upon his guilt of the charges, negated any element of the crimes or raised concerns regarding the voluntariness of his plea so as to require further inquiry by County Court (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Walker*, 47 AD3d 965, 966 [2008]). It was not necessary that defendant recite the elements of the crime or engage in a factual recitation (*see People v Seeber*, 4 NY3d 780, 781 [2005]). It was defendant who—against the advice of counsel—insisted on inserting specific language into his written appeal waiver (that he was a "level two predicate offender") apparently to reflect that term of the plea agreement for sentencing; when defendant gave an equivocal response regarding his understanding of the predicate part of his appeal waiver, the court clearly explained that it meant "you'll be sentenced as a predicate felon, a second felony offender," which defendant indicated he understood. No confusion on that or any other plea term is reflected in the record.

With regard to defendant's waiver of appeal, he indicated that his attorney had explained to him what it meant and County Court likewise delineated its meaning and answered defendant's question, negating his claim that there was any uncertainty or less than a full understanding (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Callahan*, 80 NY2d 273, 283 [1992]).

Defendant's verbal expression of understanding of the appeal waiver, combined with his open-court, counseled execution of the written appeal waiver, establish that it was knowing, voluntary and intelligent (*see People v Bunce*, 45 AD3d 982, 984 [2007]; *People v Mosher*, 45 AD3d 970, 970 [2007]).

Given defendant's valid appeal waiver, his challenges to the factual sufficiency of the plea allocution (*see People v Jackson*, 30 AD3d 824, 824 [2006]) alleged defects in the grand jury proof or proceedings (*see People v Simmons*, 27 AD3d 786, 787 [2006], *lv denied* 7 NY3d 763 [2006]; *People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]) and the severity of the agreed-upon sentence (*see People v Lopez*, 6 NY3d at 255-256) were waived, as the written waiver specifically advised him. His claim that County Court improperly allowed the People to amend the dates in the indictment to conform with the proof was forfeited by his guilty plea, and the written waiver of appeal expressly advised him that he was foregoing his right to appeal from the court's rulings on motions and any issue regarding the content of the indictment (*see People v Priester*, 255 AD2d 833, 834 [1998]). Moreover, were we to review these claims, we would find that none has merit.

Defendant's allegation of ineffective assistance of counsel survives his valid appeal waiver only to the extent that it impacts upon the voluntariness of his plea (*see People v Simmons*, 27 AD3d at 787). However, this claim is premised upon assertions that he was confused regarding his status as a second felony offender, which we have rejected. Given that defendant admitted his commission of the charged conduct, being a predicate offender, that his understanding of the plea bargain terms— including sentencing exposure and status—is established by the transcript, that he received a favorable plea agreement and that "nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]), the claim lacks merit.

Finally, defendant's contentions that the predicate statement did not comply with CPL 400.21 (2) are raised for the first time on appeal and are not preserved for our review. In any event, defendant did not controvert the allegations in the statement and admitted that he was validly convicted of that prior felony, and the statute was substantially complied with; thus, he waived any challenge to the adequacy of the statement (*see People v Ruffin*, 42 AD3d 582, 582 [2007], *lv denied* 9 NY3d 881 [2007]; *People v Milazo*, 33 AD3d 1060, 1061-1062 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Valderama*, 25 AD3d 819, 821-822

[2006], *lv denied* 6 NY3d 854 [2006]; *People v Ochs*, 16 AD3d 971, 971-972 [2005]; *see also People v Collier*, 35 AD3d 1037, 1038 [2006], *revd on other grounds* 9 NY3d 908 [2007]). Likewise, notwithstanding defendant's pro se remark at sentencing that he was not a predicate felon (while admitting that he had pleaded guilty in this case as an admitted predicate felon), no hearing was required (*see* CPL 400.21 [4], [5]).

Defendant's remaining arguments are also unavailing.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.