■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. JOHNSON, Appellant. [864 NYS2d 219]—

Malone Jr., J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 4, 2007, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

After defendant made incriminating statements concerning the robbery of two convenience stores, he was indicted on two counts of robbery in the first degree and one count of robbery in the second degree. Pursuant to a plea agreement, defendant pleaded guilty to one count of robbery in the first degree and was sentenced to a term of eight years in prison. Upon discovering that defendant was a second violent felony offender, it was determined that this sentence was illegal and defendant was allowed to withdraw his plea. Thereafter, pursuant to a new plea agreement, defendant pleaded guilty to one count of robbery in the first degree and was sentenced to a term of 10 years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Inasmuch as defendant failed to move to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness and factual sufficiency of the plea has not been preserved for our review (*see People v Welch*, 46 AD3d 1228, 1229 [2007], *lv denied* 10 NY3d 845 [2008]; *People v Pagan*, 36 AD3d 1163, 1164 [2007]; *People v Phillips*, 28 AD3d 939 [2006], *lv denied* 7 NY3d 761 [2006]). Moreover, contrary to defendant's assertion, the narrow exception to the preservation requirement is not triggered here as defendant did not make any statements during the second plea allocution that cast doubt upon either his guilt or the voluntariness of his plea, or otherwise tended to negate a material element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hall*, 41 AD3d 1090, 1091 [2007], *lv denied* 9 NY3d 876 [2007]; *People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]). In any event, contrary to his contention, defendant's affirmative responses to

County Court's questions during his second plea allocution established the elements of the crime (*see People v Saddlemire*, 50 AD3d 1317, 1318 [2008]; *People v Alexander*, 31 AD3d 885, 886 [2006]).

Similarly, defendant's claim that he was denied the effective assistance of counsel is also unpreserved for review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Parara*, 46 AD3d 936, 937 [2007]; *People v Robinson*, 42 AD3d 581, 581-582 [2007], *lv denied* 9 NY3d 1009 [2007]). Were we to consider this claim, we would find it unpersuasive. Although defendant bases his argument on counsel's failure to raise an affirmative defense to the robbery in the first degree charge that he alleges was apparent in his first plea allocution, that plea was withdrawn and, as we have determined, defendant's second plea allocution did not cast doubt upon his guilt. Furthermore, negotiating a plea bargain despite the existence of a potential affirmative defense does not necessarily result in a finding of ineffective assistance of counsel (*see People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]). As counsel secured an advantageous plea, which included the minimum sentence permitted by law, and further advocated defendant's interests, we cannot say that defendant was deprived of meaningful representation (*see People v Lawrence*, 34 AD3d 984, 985 [2006]).

Mercure, J.P., Peters, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.