■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE J. THOMPKINS, Appellant. [871 NYS2d 788]—

Stein, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 8, 2007, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and petit larceny.

Defendant was indicted on one count of burglary in the second degree and one count of petit larceny based upon his unlawful entry into a home for the purpose of stealing money to support a crack cocaine habit. The People offered, and defendant rejected, a plea deal that required him to plead guilty to the charge of burglary in the second degree in exchange for a recommended prison sentence of up to eight years, followed by five years of postrelease supervision. Instead, defendant pleaded guilty to the entire indictment, leaving sentencing to the discretion of the sentencing court. County Court then sentenced defendant to a prison sentence of eight years on the burglary conviction, with five years of postrelease supervision, and a concurrent jail sentence of one year on the petit larceny conviction. Defendant now appeals and we affirm.

Defendant's claim that his plea was not knowing or voluntary is unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Johnson*, 54 AD3d 1133, 1133 [2008]; *People v Vallance*, 49 AD3d 917, 917 [2008], *lv denied* 10 NY3d 845 [2008]; *People v Parara*, 46 AD3d 936, 937 [2007]). Furthermore, to the extent that defendant's claim of ineffective assistance of counsel relates to the voluntary nature of his plea, it is also unpreserved for our review on this basis (*see People v Johnson*, 54 AD3d at 1134; *People v Parara*, 46 AD3d at 937).

Regarding defendant's remaining claim of ineffective assistance of counsel, the ultimate inquiry is whether the attorney provided meaningful representation (*see People v Sorey*, 55 AD3d 1063, 1064 [2008]; *People v Johnson*, 54 AD3d at 1134; *People v White*, 47 AD3d 1062, 1064 [2008], *lv denied* 10 NY3d 818 [2008]). Here, defendant's rights were fully explained to him—including his rights with respect to testifying before the grand jury—and his counsel pursued multiple pretrial motions and made cogent arguments on defendant's behalf for the reduction of bail and a lenient sentence. Upon our examination of the totality of the evidence, facts and law (*see People v Baldi*, 54 NY2d 137, 147 [1981]), we cannot say that defendant was deprived of meaningful representation (*see People v Johnson*, 54 AD3d at 1134; *People v Lawrence*, 34 AD3d 984, 985 [2006]).

We are also unpersuaded by defendant's argument that his sentence on the burglary conviction was harsh and excessive. In view of defendant's lengthy criminal history and the seriousness of the instant crime, we discern neither an abuse of discretion nor the existence of extraordinary circumstances warranting a reduction of defendant's sentence in the interest of justice (*see People v Smith*, 43 AD3d 493, 493 [2007]; *People v Montgomery*, 21 AD3d 1148, 1148-1149 [2005], *lv denied* 5 NY3d 855 [2005]; *People v Hill*, 11 AD3d 817, 818 [2004]).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.