THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCES DAVIS-IVERY, Appellant. [873 NYS2d 777]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 11, 2007, convicting defendant upon her plea of guilty of the crimes of grand larceny in the fourth degree and tampering with physical evidence.

Pursuant to a negotiated agreement, defendant entered a plea of guilty to the crimes of grand larceny in the fourth degree and tampering with physical evidence in full satisfaction of a four-count indictment also charging her with assault in the second degree and petit larceny. The charges arose out of an incident at a grocery store in December 2006 in which defendant, acting in concert with her husband, removed a credit card from the

victim's purse. According to the indictment, defendant caused physical injury to the grocery store security guard who attempted to prevent her from leaving the store, and she hid the stolen credit card behind a display of firewood outside the store. County Court sentenced defendant as a second felony offender to concurrent prison terms of 2 to 4 years. Defendant now appeals and we affirm.

Defendant's challenge to the factual sufficiency of the plea allocution is unpreserved as she neither moved to withdraw her guilty plea nor moved to vacate the judgment of conviction (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Sorey, 55 AD3d 1063 [2008]; People v Zabele, 53 AD3d 685, 686 [2008]; People v Ocasio, 265 AD2d 675, 676 [1999]). Further, as discussed below, defendant did not make any statement during her plea allocution or during the course of any of the proceedings in County Court that cast significant doubt as to her guilt or the voluntariness of her guilty plea (see People v Lopez, 71 NY2d at 665; People v Sinclair, 48 AD3d 974, 975 [2008]; People v Rose, 41 AD3d 1033, 1034 [2007], lv denied 9 NY3d 926 [2007]; People v Nugent, 31 AD3d 976, 977 [2006], lv denied 8 NY3d 925 [2007]).

In her plea, defendant admitted to stealing a credit card from the pocketbook of another shopper while in a grocery store and then attempting to conceal that card behind a store display while being detained by store security personnel. Defendant initially agreed to plead guilty to assault in the second degree—a class D felony—and grand larceny in the fourth degree—a class E felony—and, in her initial plea allocution, admitted not only to stealing the credit card, but also that she "dropped the card" as she struggled with store security personnel who had attempted to detain her as she was leaving the store. However, as a result of defendant's refusal to acknowledge that the security officer had been injured during the struggle, County Court refused to accept her guilty plea to the crime of assault in the second degree. In its stead, the court ultimately agreed to allow defendant to plead guilty to the less serious charge of tampering with physical evidence—a class E felony. In that regard, defendant, in response to a question put to her by the court, acknowledged attempting "to conceal, that is, hide a stolen credit card by placing it behind a display of wooden logs" after store personnel had detained her.

At no time during the proceedings before County Court did defendant raise the issue that she now puts forth on this appeal. In the three months that passed between the time she entered her guilty plea and sentence was imposed, neither de-

fendant nor her counsel ever maintained that defendant was innocent of the crimes to which she pleaded guilty or that the plea was involuntarily or unknowingly rendered. The content of the plea allocution was sparse and ideally could have been more detailed. However, when taken as a whole, the plea as rendered constituted an admission to all of the elements of the crimes for which defendant stands convicted and was given after a full and fair explanation of all her constitutional rights. Defendant, while represented by counsel, admitted to stealing a credit card and, while being detained by store security personnel, dropping it behind a store display in an attempt to conceal it.

We disagree with defendant's claim that she only admitted to an attempt to commit the crime of tampering with physical evidence. As relevant to this appeal, a person is guilty of tampering with physical evidence when, "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he [or she] *suppresses it by any act of concealment,* alteration or destruction, or by employing force, intimidation or deception against any person" (Penal Law § 215.40 [2] [emphasis added]; *see People v Wright,* 13 AD3d 736, 737-738 [2004], *lv denied* 4 NY3d 837 [2005]; *People v Higgins,* 299 AD2d 841, 843 [2002], *lv denied* 99 NY2d 614 [2003]). Defendant did not simply admit to attempting to conceal the stolen credit card; rather, in response to County Court's inquiry, she admitted to actually concealing the item behind the store display and doing so with an intent to hide it. The crime of tampering with physical evidence was committed when this act of concealment was committed by defendant with the requisite intent and is not transformed into an attempt to commit such a crime merely because the evidence sought to be concealed was *later* recovered from the place where it had been hidden (*see generally People v Bellamy,* 34 AD3d 937, 938 [2006], *lv denied* 8 NY3d 843 [2007]; *People v Sandy,* 236 AD2d 104, 114 [1997], *lv denied* 91 NY2d 977 [1998]).

Finally, defendant is no stranger to the criminal justice system and, given the nature of her participation in the exchanges at the time of her plea, was well aware of the implications necessarily involved in pleading guilty. In that regard, it should be noted that the plea was entered just as hearings were to be held on her pretrial motions and a date for her trial was to be set. Not only has defendant never offered an explanation for why she waited so long to raise this issue regarding the plea, but the record as it now exists does not allow us to assess the full extent to which the People have been prejudiced by defendant's delay

in making this claim and whether their ability to present a case against defendant has been compromised. For these reasons and, more importantly, because there is absolutely no question as to her guilt or the voluntariness of her plea, her claim has not been preserved (*see People v Lopez*, 71 NY2d at 665 [1988]; *People v Sorey*, 55 AD3d at 1063) and her judgment of conviction is affirmed.

Cardona, P.J., Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.