■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPHUS LEONARD, Appellant. [881 NYS2d 220]—

Stein, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 22, 2006, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered May 1, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After an argument with his stepson, defendant left the room and returned with a loaded gun. He then shot his stepson in the head, causing his death. Defendant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree. He ultimately pleaded guilty to one count of murder in the second degree and was sentenced to a prison term of 20 years to life. Thereafter, defendant moved to vacate the judgment of conviction and set aside the sentence pursuant to CPL 440.10 and 440.20. County Court denied defendant's motion, prompting this appeal from the order denying his motion and from the judgment of conviction. We affirm.

Initially, we reject defendant's challenge to the validity of his waiver of appeal. County Court's colloquy with defendant on the record was adequate to ensure that the waiver was voluntarily, knowingly and intelligently entered (*see People v Romano*, 45 AD3d 910, 914-915 [2007], *lv denied* 10 NY3d 770 [2008]).

Defendant's claim of ineffective assistance of counsel survives his valid waiver of appeal only to the extent that it pertains to the voluntariness of his plea (*see People v Stokely*, 49 AD3d 966, 968 [2008]). In this regard, defendant's argument in his pro se CPL article 440 motion and on this appeal can be distilled to a claim that his counsel failed to adequately explain to him the availability of certain affirmative defenses. To the extent that defendant's argument concerns matters outside the record, we are of the view that County Court properly denied defendant's CPL article 440 motion without conducting a hearing inasmuch as it was devoid of any "sworn allegations" (CPL 440.30 [4] [b]) or specific facts "substantiating his allegations that . . . defense counsel provided inadequate representation" (*People v Kennedy*,

46 AD3d 1099, 1101 [2007], *lv denied* 10 NY3d 841 [2008]; *see* CPL 440.30 [4] [d]; *People v Griffin*, 24 AD3d 972, 974 [2005], *lv denied* 6 NY3d 834 [2006]).

Nor is there anything on the record which casts doubt on the voluntariness of defendant's plea. The record reflects that defendant's rights were fully explained to him and defendant indicated his understanding of those rights and his satisfaction with counsel's legal advice, including advice with respect to raising defenses to the charges and the consequences of his plea. When defendant was asked if he had any questions he wanted to ask his counsel, he said, "No." Upon our examination of the totality of the evidence, facts and law (*see People v Baldi*, 54 NY2d 137, 147 [1981]), we cannot say that defendant was deprived of meaningful representation (*see People v Johnson*, 54 AD3d 1133, 1134 [2008]; *People v Lawrence*, 34 AD3d 984, 985 [2006]).

Defendant also contends that his plea was not voluntary because he was not advised of the maximum sentence he was facing. Although this contention survives his waiver of appeal (*see People v Stokely*, 49 AD3d at 968; *People v Grant*, 294 AD2d 671, 673 [2002], *lv denied* 98 NY2d 730 [2002]), it is belied by the record. Furthermore, as a consequence of the valid waiver of his right to appeal, defendant is foreclosed from challenging the severity of his sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]).

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.