■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. MEAD, Appellant. [882 NYS2d 738]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered September 27, 2006, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and menacing in the second degree.

Defendant was charged in a four-count indictment with robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree and menacing in the second degree. At a hearing to discuss a possible plea agreement, the prosecution acknowledged possession of evidence that would support an affirmative defense to robbery in the first degree and criminal possession of a weapon in the fourth degree and dismissed those counts. Thereafter, defendant pleaded guilty

---

to the remaining charges and was sentenced, as agreed, to six years in prison and one year in jail (to run concurrently) followed by five years of postrelease supervision. He now appeals and we affirm.

Defendant's challenge to the sufficiency of his plea allocution, premised on County Court's alleged failure to adequately inquire as to a possible intoxication defense, is unpreserved for our review inasmuch as defendant did not make a motion to withdraw his plea or vacate the judgment of conviction (*see People v Simpson*, 19 AD3d 945, 945 [2005]). Moreover, the narrow exception to the preservation doctrine is inapplicable here because, notwithstanding defendant's assertion, County Court clearly satisfied its duty to inquire further (*see People v Moore*, 270 AD2d 715, 716 [2000], *lv denied* 95 NY2d 800 [2000]). Indeed, immediately following defendant's statement regarding his intoxication, County Court suspended the plea allocution and advised defendant that such intoxication was something a jury would consider when determining whether he possessed a criminal intent and asked defendant if he was certain that he wanted to proceed without a trial and enter a guilty plea. Following defendant's affirmative response to that question, defense counsel informed County Court that he and defendant had engaged in extensive discussions regarding the matter. Thus, were we to review the merits, we would find that County Court, having ascertained that defendant's waiver of a possible intoxication defense was knowing and voluntary, properly accepted his guilty plea (*see People v Sterling*, 57 AD3d 1110, 1112 [2008], *lv denied* 12 NY3d 788 [2009]).

Defendant's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be without merit.

Cardona, P.J., Spain, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.