■ The People of the State of New York, Respondent, v Jodie Campbell, Also Known as Jeezy, Appellant. [886 NYS2d 242]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 8, 2008, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

In March 2008, defendant was charged in an indictment with various counts of criminal sale and possession of a controlled substance arising out of two sales of cocaine in the presence of an undercover officer. Subsequently, defendant was charged in an indictment with multiple counts of criminal possession of a controlled substance after cocaine was found in his pocket when police executed a no-knock warrant on the apartment of an acquaintance. Defendant ultimately pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of the first indictment and one count of criminal possession of a controlled substance in the fifth degree in satisfaction of the second indictment. He was sentenced, as a second felony offender, to the bargained for prison term of four years and three years of postrelease supervision on the first charge and 2¹/₂ years and two years of postrelease supervision on the second charge, the sentences to run concurrently. Defendant appeals and we affirm.

Initially, defendant's challenge to the factual sufficiency of his plea allocution regarding the offense charged in the second indictment is unpreserved for our review inasmuch as he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v*

*Davis-Ivery*, 59 AD3d 853, 854 [2009]; *People v Johnson*, 54 AD3d 1133, 1133 [2008]). We also find that the narrow exception to the preservation rule does not apply because defendant made no statements during the allocution that served to cast doubt upon his guilt or the voluntariness of his plea (*see People v Davis-Ivery*, 59 AD3d at 854; *People v Johnson*, 54 AD3d at 1133; *People v Stokely*, 49 AD3d 966, 967 [2008]). In any event, contrary to defendant's contention, it was not necessary that he recite every element of the crime or engage in a factual recitation, inasmuch as his affirmative responses to County Court's questions established the elements of the crime charged (*see People v Kaszubinski*, 55 AD3d 1133, 1136 [2008], *lv denied* 12 NY3d 855 [2009]; *People v Johnson*, 54 AD3d at 1133-1134; *People v Stokely*, 49 AD3d at 967).

Defendant's claim that County Court erred because it did not advise him at the time of his guilty plea that he would be sentenced as a second felony offender is similarly unpreserved by defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Mayers*, 74 NY2d 931, 931-932 [1989]; *People v Kopy*, 54 AD3d 441, 441 [2008]; *People v Granan*, 48 AD3d 975, 975-976 [2008], *lv denied* 10 NY3d 959 [2008]).

Mercure, J.P., Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.