■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT W. FISKE, Appellant. [889 NYS2d 746]—

Lahtinen, J.

Defendant was indicted on a variety of charges arising out of the stabbing death of an individual during a melee. A second indictment was then handed up which charged defendant with selling cocaine on three occasions while awaiting trial on the first indictment. In full satisfaction of both indictments, defendant pleaded guilty to manslaughter in the second degree and criminal sale of a controlled substance in the third degree. County Court sentenced defendant, as set out in the plea agreement, to an aggregate prison term of 5 to 15 years and post-release supervision of two years. Defendant now appeals and we affirm.

Defendant disputes the factual sufficiency of his plea allocution, but that issue is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Davis-Ivery*, 59 AD3d 853, 854 [2009]). A narrow exception to the preservation requirement does exist where statements made during a plea colloquy cast significant doubt on a defendant's guilt or the voluntariness of his or her plea (*see People v Lopez*, 71 NY2d at 666; *People v Fauntleroy*, 57 AD3d 1167, 1168 [2008]). While defendant here stated that he did not remember whether or not he had stabbed the victim, he admitted that he attempted to grab the knife from another combatant and the victim was stabbed in the ensuing struggle, and his failure to expressly admit to stabbing the victim did not cast any doubt on his guilt such as to bring this case within the exception to the preservation requirement (*see People v Goldstein*, 12 NY3d 295, 300-301 [2009]; *see e.g. People v DeCapua*, 37 AD3d 1189, 1189-1190 [2007], *lv denied* 8 NY3d 983 [2007]).

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction similarly renders his claim of ineffective assistance of counsel unpreserved to the extent that it relates to the voluntary nature of his plea (*see People v Maldonado*, 61 AD3d 1220 [2009]; *People v Thompkins*, 58 AD3d 1068, 1068 [2009], *lv denied* 12 NY3d 822 [2009]). Moreover, a number of defendant's claims involve matters outside of the record that are properly addressed in a CPL article 440 motion (*see People v Maldonado*, 61 AD3d at 1220). Regardless, with regard to those matters on the record, defendant entered an advantageous plea which significantly reduced his sentencing exposure and unequivocally expressed in his plea colloquy his understanding of the terms of the plea agreement and a potential justification defense that he was giving up by pleading guilty, as well as his satisfaction with counsel, and we cannot say that counsel provided ineffective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

Defendant's remaining challenge to his sentence as harsh and excessive has been reviewed and found to be wanting in merit.

Peters, J.P., Spain, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.