Appeal from a judgment of the Supreme Court (Czajka, J.), rendered June 18, 2010 in Ulster County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant waived indictment, pleaded guilty to burglary in the second degree and executed a written waiver of the right to appeal. The judge who presided over the plea proceedings indicated that, under the terms of the plea agreement, defendant would be sentenced to 3x/2 years in prison, followed by five years of postrelease supervision, to run concurrently with the sentences imposed on other unrelated crimes. However, a different judge was assigned to the case at sentencing who refused to impose the term of imprisonment set forth in the plea agreement due to the absence of mitigating circumstances. Prior to imposing sentence, Supreme Court gave defendant an opportunity to withdraw his plea, which he declined. The court proceeded to sentence defendant to four years in prison, followed by five years of postrelease supervision, to run consecutively to the sentences he was serving on the other crimes. Defendant now appeals.
Defendant’s sole contention is that the sentence is harsh and *1563 excessive.* We find his argument to be unpersuasive. Defendant has a lengthy criminal record and had been released on bail pending the disposition of other crimes when he committed the crime in question. In view of this, and given that the sentence was significantly less than the maximum he could have received if convicted after trial (see Penal Law § 70.02 [3] [b]), we find no extraordinary circumstances nor abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Merchant, 79 AD3d 1526, 1526-1527 [2010]; People v Thompkins, 58 AD3d 1068, 1069 [2009], lv denied 12 NY3d 822 [2009]). Therefore, the judgment is affirmed.
Rose, J.P, Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

 We note that defendant was specifically advised by Supreme Court at sentencing that he had the right to appeal the sentence. In the circumstances presented, the waiver of appeal does not preclude this challenge (see People v Borden, 91 AD3d 1124, 1125 [2012]; People v Middleton, 72 AD3d 1336, 1337 [2010]).