# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

757

KA 07-02335

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

TRACI L. WEIR, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 25, 2005. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a guilty plea of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that she was denied effective assistance of counsel based, inter alia, upon defense counsel's failure to request a mental health examination of defendant or an independent autopsy of the victim. That contention does not survive the guilty plea inasmuch as defendant fails even to allege, nor has she shown, that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney's allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]; *see People v Socrates*, 307 AD2d 546). In any event, defendant's contention lacks merit. The record establishes that defense counsel made appropriate pretrial motions, sought relevant discovery and preserved defendant's right to raise defenses by filing a notice of intent to offer psychiatric evidence, and defendant failed to demonstrate that defense counsel lacked a legitimate reason for not pursuing such defenses (*see People v Wheeler*, 249 AD2d 774, 775). Defendant also failed to demonstrate that there was any basis for defense counsel to request an independent autopsy (*see generally id.*; *People v Radtke*, 152 Misc 2d 744). Finally, to the extent that defendant relies upon matters outside the record in support of her contention, those matters must be raised by way of a motion pursuant to CPL article 440 (*see People v Lopez*, 28 AD3d 234, 235, *lv denied* 7

NY3d 758).