Garry, J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered June 22, 2010, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to robbery in the first degree in full satisfaction of a 16-count indictment, as well as a second pending two-count indictment. The People further agreed not to proceed with charges related to eight specified additional alleged armed robberies. In exchange for his guilty plea, the People and County Court committed to a prison sentence of 20 years, followed by five years of postrelease supervision. County Court thereafter sentenced defendant as agreed. Defendant appeals.
Defendant’s argument that his plea allocution was insufficient *1115 is unpreserved as he failed to move to withdraw his plea or vacate the judgment of conviction (see People v Mead, 64 AD3d 814, 815 [2009], lv denied 14 NY3d 890 [2010]; People v Johnson, 54 AD3d 1133, 1133 [2008]). Even assuming that the exception to the preservation requirement was triggered by defendant’s protestations of innocence made in the course of the presentence investigation, the record reveals that, at the sentencing proceeding, County Court fully satisfied its duty to inquire further, clarifying that defendant was guilty of the crime to which he pleaded guilty, and that he wished to proceed with the guilty plea (see People v Mead, 64 AD3d at 815). Moreover, were we to review the issue, we would find that the plea colloquy was satisfactory (see People v Johnson, 54 AD3d at 1133-1134). Defendant’s claim that he was denied the effective assistance of counsel is similarly unpreserved (see People v Pendelton, 81 AD3d 1037, 1038-1039 [2011], lv denied 16 NY3d 898 [2011]; People v Johnson, 54 AD3d at 1134). Finally, we reject defendant’s claim that his sentence is harsh and excessive. County Court imposed the agreed-upon sentence, and we find no extraordinary circumstances or an abuse of discretion that would warrant modification (see People v Laboy-Vega, 78 AD3d 1422, 1423 [2010], lv denied 16 NY3d 832 [2011]; People v Thomas, 53 AD3d 864, 866 [2008], lv denied 11 NY3d 858 [2008]).
Rose, J.P., Spain and Egan Jr., JJ, concur. Ordered that the judgment is affirmed.