## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014                    105578
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DAVID J. WHITE,
                        Appellant.
_____

Calendar Date:   October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Robert A. Gouldin, Oneonta, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Rashell Khan,
Law Intern), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered October 10, 2012, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        Defendant was charged in an indictment with two counts of
criminal possession of a controlled substance in the third degree
following an incident in which police recovered cocaine, as well
as other drugs and related items, from a hotel room where he was
staying.  Defense counsel moved to suppress the evidence gathered
as a result of the search of the hotel room.  There were a number
of adjournments of the suppression hearing and, before it was
conducted, defendant pleaded guilty to one count of criminal
possession of a controlled substance in the third degree in

satisfaction of the indictment.  Consistent with the plea agreement, he was sentenced to two years in prison to be followed by two years of postrelease supervision.  He now appeals.

Defendant argues that he was denied the effective assistance of counsel by his attorney's failure to proceed with the suppression hearing prior to defendant's entry of a guilty plea.  To the extent that this claim has a bearing upon the voluntariness of defendant's plea, we find that it is unpreserved due to defendant's failure to make an appropriate postallocution motion (see People v Smith, 119 AD3d 1088, 1089 [2014]; People v Flake, 95 AD3d 1371, 1372 [2012], lvs denied 19 NY3d 973, 974 [2012]; People v Stevenson, 58 AD3d 948, 949 [2009], lv denied 12 NY3d 860 [2009]).  As for defendant's claim that his sentence is harsh and excessive, we find it to be unpersuasive.  Defendant could have received a determinate sentence of anywhere from one to nine years in prison for the crime to which he pleaded guilty (see Penal Law § 70.70 [2] [a] [i]).  He received two years in prison instead and this was the sentence agreed to under the terms of the plea agreement.  Therefore, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Lawal, 73 AD3d 1287, 1290 [2010]; People v Muniz, 12 AD3d 937, 939 [2004]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court