*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    107139
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

KIP R. BANKER,
                        Appellant.
_____

Calendar Date:  February 23, 2016

Before:  Lahtinen, J.P., Rose, Lynch and Clark, JJ.

                        _____

        Mark Schneider, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

                        _____

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered January 24, 2013, convicting
defendant upon his plea of guilty of the crimes of attempted
aggravated assault upon a police officer or peace officer (three
counts) and criminal mischief in the second degree.

        Defendant was indicted on three counts of attempted
aggravated assault on a police officer or peace officer and
criminal mischief in the second degree.  The charges stem from an
incident that occurred on April 18, 2012, when three parole
officers arrived at defendant's home and ordered him to pull over
the tractor he was driving.  In response, defendant rammed the
tractor into the vehicle occupied by the parole officers, two of
whom escaped after the impact, and then drove the tractor into
the vehicle again, pushing it to the edge of an embankment with
one officer inside.  Defendant drove the tractor in reverse,

pinning one officer against a tree, and then drove directly in the direction of the third officer, who managed to avoid being hit.  During the incident, the officers fired numerous shots in an attempt to stop defendant, although no one was seriously injured.  Defendant ultimately pleaded guilty to the entire indictment, leaving sentencing to the discretion of County Court. The court imposed upon defendant, a second violent felony offender, concurrent prison terms of 16 years on each attempted assault conviction and 3½ to 7 years on the criminal mischief conviction, with five years of postrelease supervision.

On appeal, defendant's primary contention is that his guilty plea was the product of mental illness and that the sentence should be reduced in the interest of justice. Significantly, County Court ordered a CPL article 730 competency examination at the outset, and two psychiatrists concluded that he was competent to proceed (see CPL 730.10 [1]; People v Mendez, 1 NY3d 15, 19 [2003]).  To the extent that defendant challenges his plea as involuntary, the record does not reflect that he preserved this claim by making an appropriate postallocution motion to withdraw his plea, and his remarks during the plea allocution did not trigger the exception to the preservation doctrine (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Guyette, 121 AD3d 1430, 1431 [2014]).

In imposing sentence, County Court fully considered defendant's health and substance abuse problems, as well as his failure to address them over many years.  In addition, the court gave weight to his serious criminal history, which includes prior assaults, and the fact that his violent conduct came very close to killing the officers.  Contrary to defendant's claim, the fact that, prior to his competency examinations and omnibus motion, he was offered a plea agreement providing for a lower sentence that also required an appeal waiver, which he rejected, did not establish that the later sentence upon his guilty plea to the entire indictment was unwarranted.  Under the circumstances, we cannot agree that the sentences, which were significantly less than the maximum potential consecutive sentences for these class C violent felonies (see Penal Law §§ 70.02 [1] [b]; [3] [b] [ii]; 70.25 [2]), were harsh or excessive or that extraordinary

circumstances warrant a modification in the interest of justice. To the extent that defendant argues matters that are outside the record on appeal, they are more appropriately addressed in a CPL article 440 motion to vacate (see People v Guyette, 121 AD3d at 1431).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court