People v Sapetko (2018 NY Slip Op 01005)





People v Sapetko


2018 NY Slip Op 01005


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


205 KA 16-00717

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW SAPETKO, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered September 22, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law
§ 140.20). Defendant's contention that the amount of the restitution ordered by County Court is not supported by the record " is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order[] during the sentencing proceeding' " (People v Peck, 31 AD3d 1216, 1217 [4th Dept 2006], lv denied 9 NY3d 992 [2007], quoting People v Horne, 97 NY2d 404, 414 n 3 [2002]). Defendant further contends that his guilty plea was not knowing, intelligent and voluntary because, prior to entering his plea, he was not advised that he could challenge the constitutionality of his predicate felony conviction in a hearing before being sentenced as a second felony offender. That contention is not preserved for our review inasmuch as defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Stokely, 49 AD3d 966, 967 [3d Dept 2008]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court