People v Lord (2018 NY Slip Op 02220)





People v Lord


2018 NY Slip Op 02220


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108665

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TAMMY J. LORD, Appellant.

Calendar Date: February 16, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Barrett D. Mack, Albany, for appellant, and appellant
pro se.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered July 27, 2016, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.
After working on a residential construction project, defendant unlawfully entered the home and took a substantial amount of jewelry, which she later sold. As a result, she was charged in an indictment with burglary in the second degree and pleaded guilty to this crime without any promise being made as to the sentence. She was subsequently sentenced to 5½ years in prison and five years of postrelease supervision. She now appeals.
Defendant challenges the severity of her sentence and urges this Court to modify it in the interest of justice. Although defendant's drug addiction appears to be the primary factor motivating her to commit the crime, we are not persuaded that the sentence is either harsh or excessive. Defendant has a prior criminal history and violated the victims' privacy by entering their home and taking a large quantity of jewelry that had significant monetary and sentimental value. In view of this, and given that defendant could have potentially received a sentence of 15 years in prison (see Penal Law § 70.02 [3] [b]), we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Tarver, 149 AD3d 1350, 1350 [2017]; People v Kime, 95 AD3d 1562, 1563 [2012]; People v Thompkins, 58 AD3d 1068, 1069 [2009], lv denied 12 NY3d 822 [2009]). Inasmuch as the contentions raised in defendant's pro se supplemental brief concern matters outside the record on [*2]this direct appeal, they would be more appropriately addressed in a CPL article 440 motion (see People v Banker, 138 AD3d 1253, 1254 [2016], lv denied 28 NY3d 926 [2016]; People v Guyette, 121 AD3d 1430, 1431 [2014], lv denied 27 NY3d 998 [2016]).
Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.