■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM B. LEON, Also Known as LEON WILLIAMS, Appellant. —Appeals by the defendant (1) from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered November 22, 1985, convicting him of robbery in the first degree (two counts, one as to each indictment), upon jury verdicts, and imposing sentences, and (2) by permission, from an order of the same court, dated July 9, 1987, which denied his motion pursuant to CPL 440.10 to vacate the judgments of conviction on the ground of newly discovered evidence.

Ordered that the judgments and order are affirmed.

During the trial, the defendant was permitted to introduce into evidence, pursuant to CPL article 660, 670.10 and 670.20, the entire transcript of the testimony of an alibi witness who was unavailable to testify at the trial. While the statutory provisions also provide that the defendant may read the testimony into evidence, the trial court denied the defendant's request to read to the jury the alibi witness's direct testimony during the defendant's direct case. Nevertheless, during his summation, defense counsel was permitted to read to the jury virtually the entire direct testimony of this alibi witness. Therefore, even if the trial court erred by failing to permit the reading during the defendant's direct case, we find that the defendant suffered no prejudice as a result of the court's ruling, especially in light of the fact that the jury was specifically instructed and encouraged to read the entire transcript, which had been admitted as an exhibit.

In addition, we find no merit to the defendant's challenge to the denial of his motion, pursuant to CPL 440.10, to vacate the judgments of conviction on the ground of newly discovered evidence. The alleged newly discovered evidence, a 14-second

gap in the video tape recording of one of the robberies, existed on the original tape, which had been made available to the defendant and was admitted into evidence at trial. Therefore, it cannot be said that such evidence could not have been discovered with due diligence prior to trial. Contrary to the defendant's further contention, there is no evidence of intentional police misconduct with respect to the tape warranting any sanctions.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.