■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ATKINS, Appellant. [945 NYS2d 82]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered July 1, 2008, convicting defendant, after a jury trial, of assault in the second degree and tampering with physical evidence, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.

The verdict was supported by legally sufficient evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). The evidence showed that in an attempt to avoid apprehension, defendant knocked over an officer causing her injury and placed bags of heroin into his mouth while he ran away. Such evidence supported the conclusion that defendant suppressed the bags of heroin by "an act of concealment" because he believed they would be used "in an official proceeding or a prospective official proceeding" (Penal Law § 215.40 [2]). There is no requirement that the evidence was permanently destroyed, or that it was discarded and never recovered (*see People v Hafeez*, 100 NY2d 253, 259-260 [2003]; *People v Shoga*, 89 AD3d 1225, 1228-1229 [2011], *lv denied* 18 NY3d 886 [2012]).

Defendant's argument that there was no proof that he understood that the people chasing him were police officers, lacks merit. The jury could have reasonably inferred that defendant acted to avoid arrest for a drug offense. Here, after the nonuniformed officer displayed his badge, defendant ran around him and fled, and put narcotics into his mouth which he was forced to spit out upon being apprehended. Such conduct is consistent with someone trying to avoid being arrested and conceal evidence. Furthermore, that the evidence was suppressed only for a short period of time is of no moment, as the statute does not contain a minimum requisite time period that the evidence has to be concealed (*see also People v Davis-Ivery*, 59 AD3d 853, 855 [2009]).

Although the trial court erred in allowing the prosecutor to

suggest the possibility that defendant may have swallowed narcotics or other unrecovered evidence, such error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The undisputed evidence that defendant put some bags of heroin in his mouth while fleeing was legally sufficient to support the tampering conviction. Furthermore, the court instructed the jury against speculation, and it is presumed that the jury followed the court's instructions (*see People v Davis*, 58 NY2d 1102 [1983]). Concur—Friedman J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.