THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICOLAS EAGLESGRAVE, Appellant. [968 NYS2d 85]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 15, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree and attempted tampering with physical evidence, and sentencing him to concurrent terms of six months, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant only challenges his conviction of attempted tampering with physical evidence. As relevant here, a person is guilty of the completed crime of tampering with physical evidence when, "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment" (Penal Law § 215.40 [2]).

The offense of tampering does not require the actual suppression of physical evidence, but only that a defendant perform an act of concealment while intending to suppress the evidence (*see People v Sandy*, 236 AD2d 104, 112-113 [1st Dept 1997], *lv denied* 91 NY2d 977 [1998]). Regardless of whether the defendant is successful in suppressing the evidence, once an act of concealment is completed with the requisite mens rea, the offense of tampering has been committed. Accordingly, the attempted crime requires only that the defendant engage in conduct that tends to effect, and comes dangerously near to accomplishing, an act of concealment intended to suppress the physical evidence. Here, the evidence supports the conclusion

that when defendant discarded bags of heroin he engaged in conduct that satisfied those requirements, even though he was ultimately unsuccessful in concealing the evidence because the police saw where he threw the drugs and promptly recovered them.

Defendant's remaining sufficiency arguments, and his challenge to the court's response to a jury note, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Concur—Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.