The People of the State of New York, Respondent, v Joel Rosario, Appellant. [39 NYS3d 802]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered September 23, 2014, convicting him of assault in the first degree, criminal possession of a weapon in the third degree (two counts), and menacing in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his request for a permissive adverse inference charge with respect to the failure of the police to obtain certain text messages from a witness's cell phone. "[U]nder the New York

law of evidence, a permissive adverse inference charge should be given where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State" (*People v Handy*, 20 NY3d 663, 669 [2013]). "A permissive adverse inference instruction typically serves as either: (1) a penalty for the government's violation of its statutory and constitutional duties or its destruction of material evidence; or (2) an explanation of logical inferences that may be drawn regarding the government's motives for failing to present certain evidence at trial" (*People v Durant*, 26 NY3d 341, 347 [2015]). Here, the defendant failed to establish that the police erased the subject text messages, or that any conduct by the police contributed to their destruction. Accordingly, the court providently exercised its discretion in denying the defendant's request for a permissive adverse inference charge (*see People v Gomez*, 135 AD3d 954, 956 [2016]; *People v Burton*, 126 AD3d 1324, 1326 [2015]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.