# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**180**

**KA 15-00159**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

PERNELL PARKER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered January 20, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree and tampering with physical evidence.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of tampering with physical evidence to attempted tampering with physical evidence and by vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for sentencing on the conviction of attempted tampering with physical evidence.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and tampering with physical evidence (§ 215.40 [2]). Defendant contends that defense counsel was ineffective for failing to move to suppress the physical evidence on the ground that he was unlawfully seized when the police officers pursued him into a store without reasonable suspicion of criminal activity. We reject that contention. It is well settled that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709; *see People v Biro*, 85 AD3d 1570, 1571), and it is equally well settled that, in order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" (*Rivera*, 71 NY2d at 709). Futhermore, "[t]here can be no denial of effective assistance of . . .

counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Here, defendant failed to demonstrate the absence of legitimate explanations for defense counsel's failure to make that particular suppression motion, or that the " 'motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation' " (*People v Bassett*, 55 AD3d 1434, 1437-1438, *lv denied* 11 NY3d 922).

We reject defendant's contention that the conviction of criminal possession of a controlled substance in the fifth degree is based on legally insufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the evidence is legally insufficient to support the conviction of tampering with physical evidence.  Insofar as relevant here, a person is guilty of that crime when, "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he [or she] suppresses it by any act of concealment" (Penal Law § 215.40 [2]).  The People's theory was that defendant tampered with physical evidence by throwing bags of cocaine onto the floor of a store with the intent of concealing the drugs from the pursuing police officers and thereby preventing the use of the drugs in a prospective official proceeding.  The evidence at trial established that officers observed defendant throw bags of suspected crack cocaine onto the floor when he passed through the front entrance of the store.  Although the offense of tampering with physical evidence does not require the actual suppression of physical evidence, there must be an act of concealment while intending to suppress the evidence (*see People v Eaglesgrave*, 108 AD3d 434, 434, *lv denied* 21 NY3d 1073).  We conclude that the evidence is legally insufficient to establish that defendant accomplished an act of concealment inasmuch as he dropped the items onto the floor in plain sight of the officers (*cf. People v Atkins*, 95 AD3d 731, 731, *lv denied* 19 NY3d 994).  We further conclude, however, that there is legally sufficient evidence to sustain a conviction of attempted tampering with physical evidence (§§ 110.00, 215.40 [2]; *Eaglesgrave*, 108 AD3d at 435).  We therefore modify the judgment by reducing defendant's conviction of tampering with physical evidence to attempted tampering with physical evidence and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of attempted tampering with physical evidence.

Entered:  March 24, 2017                        Frances E. Cafarell
                                                Clerk of the Court