People v Maull (2018 NY Slip Op 08780)





People v Maull


2018 NY Slip Op 08780


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1011 KA 16-00382

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY N. MAULL, ALSO KNOWN AS "G", DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered March 7, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, tampering with physical evidence and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count five of the indictment shall run concurrently with the sentence imposed on count two of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law
§ 125.25 [1]), tampering with physical evidence (§ 215.40 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction.
With respect to the conviction of murder in the second degree, the People presented a witness who testified that defendant directed the witness to pick up the victim and drive the victim, defendant, and another witness to a remote location, and that defendant and the victim were outside the vehicle when the victim was shot and killed. Although there was conflicting testimony whether additional persons were present with defendant and the victim at the time of the shooting, at least one witness testified that the only two individuals outside of the vehicle at the time of the shooting were the victim and defendant. That defendant was present at the scene was also supported by DNA evidence. A witness also testified that defendant attempted to conceal the victim's body after the shooting. Thus, contrary to defendant's contention, the evidence is legally sufficient to establish that defendant fatally shot the victim (see generally People v Green, 74 AD3d 1899, 1900 [4th Dept 2010], lv denied 15 NY3d 852 [2010]), and that defendant did so with an intent to kill (see generally People v Broadnax, 52 AD3d 1306, 1307 [4th Dept 2008], lv denied 11 NY3d 830 [2008]). Moreover, County Court charged the jury that it could find defendant guilty on a theory of accessorial liability (see People v Meehan, 229 AD2d 715, 718 [3d Dept 1996], lv denied 89 NY2d 926 [1996]) and, even if the evidence is insufficient to establish that defendant shot and killed the victim, there is sufficient evidence that he at least "shared a community of purpose' with" the shooter (People v Allah, 71 NY2d 830, 832 [1988]; see People v Valdez, 170 AD2d 190, 190 [1st Dept 1991], lv denied 77 NY2d 1001 [1991], reconsideration denied 78 NY2d 976 [1991]). We therefore conclude that there is sufficient evidence whereby "the jury . . . could fairly find that defendant either shot [the victim] or . . . participated in the planning to kill him and shared the intent of the shooter to do so" (People v Whatley, 69 NY2d 784, 785 [1987]).
Defendant contends that the evidence is legally insufficient to establish that he committed tampering with physical evidence inasmuch as the People failed to establish that defendant successfully hid the victim's body. We reject that contention. "Regardless of whether the defendant is successful in suppressing the evidence, once an act of concealment is completed with the requisite mens rea, the offense of tampering has been committed" (People v Eaglesgrave, 108 AD3d 434, 434 [1st Dept 2013], lv denied 21 NY3d 1073 [2013]; see People v Hafeez, 100 NY2d 253, 259-260 [2003]). Here, the evidence the People submitted established that defendant directed the codefendant to exit the vehicle to help him dispose of the body and that defendant and the codefendant, after donning gloves, lifted the body over a guardrail and deposited it in a grassy area on the other side. That evidence is sufficient to establish that defendant completed an act of concealment with the requisite mens rea, notwithstanding the fact that, in the light of day, the body remained visible.
We also conclude that the evidence is legally sufficient with respect to defendant's conviction of criminal possession of a weapon in the second degree. The People presented testimony establishing that defendant possessed a loaded firearm and intentionally fired it at the victim (see e.g. People v Gonzalez, 193 AD2d 360, 361 [1st Dept 1993]; People v Ciola, 136 AD2d 557, 557 [2d Dept 1988], lv denied 71 NY2d 893 [1988]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude " that the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see generally Bleakley, 69 NY2d at 495). To the extent that defendant contends that the People's witnesses were not credible, "the jury was in the best position to assess the credibility of the witnesses" (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015] [internal quotation marks omitted]), and we perceive no reason to reject the jury's credibility determinations.
Defendant's contention that the court erred in denying his motion for a mistrial is without merit, and the court did not abuse its discretion in denying the motion (see People v Ortiz, 54 NY2d 288, 292 [1981]; People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]). The court instructed the jury to disregard any nonresponsive answers of the witness (see People v Johnson, 118 AD3d 1502, 1503 [4th Dept 2014], lv denied 24 NY3d 1120 [2015]), and the court repeatedly admonished the witness to stop giving nonresponsive answers. Contrary to defendant's further contention, the court did not abuse its discretion in sustaining the prosecutor's objection that defense counsel's line of questioning was repetitive and in intervening thereafter to move the cross-examination along (see People v Riddick, 251 AD2d 517, 518 [2d Dept 1998], lv denied 92 NY2d 951 [1998]; see also People v Miles, 157 AD3d 641, 642 [1st Dept 2018], lv denied 31 NY3d 1015 [2018]; see generally Delaware v Van Arsdall, 475 US 673, 679 [1986]).
Defendant's contentions regarding prosecutorial misconduct are unpreserved for our review (see People v Machado, 144 AD3d 1633, 1635 [4th Dept 2016], lv denied 29 NY3d 950 [2017]; People v Love, 134 AD3d 1569, 1570 [4th Dept 2015], lv denied 27 NY3d 967 [2016]; People v Smith, 32 AD3d 1291, 1292 [4th Dept 2006], lv denied 8 NY3d 849 [2007]). In any event, we conclude that defendant's contentions are without merit inasmuch as "none of the alleged misconduct by the prosecutor was so egregious as to deprive defendant of a fair trial" (People v Swan, 126 AD3d 1527, 1527 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see People v Everson, 158 AD3d 1119, 1122 [4th Dept 2018], lv denied 31 NY3d 1081 [2018], reconsideration denied 31 NY3d 1147 [2018]).
The record is insufficient to establish that defendant's trial was affected by an alleged violation of defendant's right to counsel on the ground that law enforcement officers listened to at least three phone calls between defendant and defense counsel, or that defense counsel was ineffective for failing to seek a hearing on that matter. Although the conduct of those law enforcement officers is alarming, the appropriate vehicle for challenging that conduct is a CPL 440.10 motion inasmuch as defendant's contention concerns matters outside the record on appeal (see People v McLean, 15 NY3d 117, 121 [2010]).
We agree with defendant, however, that the sentence is illegal insofar as the court directed that the sentence imposed for criminal possession of a weapon in the second degree shall run consecutively to the sentence imposed for murder in the second degree (see People v Ramsey, 59 AD3d 1046, 1048 [4th Dept 2009], lv denied 12 NY3d 858 [2009]; People v Fuentes, 52 AD3d 1297, 1300 [4th Dept 2008], lv denied 11 NY3d 736 [2008]). As the People correctly concede, "the sentence on the murder conviction should run concurrently with the sentence on the weapon possession conviction that requires unlawful intent (Penal Law § 265.03 [1] [b]), because the latter offense was not complete until defendant shot the victim[]" (People v Service, 126 AD3d 638, 639 [1st Dept 2015], lv denied 27 NY3d 1006 [2016]; see People v Wright, 19 NY3d 359, 363 [2012]; People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]). We therefore modify the judgment accordingly. As modified, the sentence is not unduly harsh or severe.
We have considered defendant's remaining contention, and conclude that it does not warrant reversal or further modification of the judgment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court