People v Torres (2019 NY Slip Op 01434)





People v Torres


2019 NY Slip Op 01434


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2001-06966
 (Ind. No. 11401/98)

[*1]The People of the State of New York, respondent,
v
Juan Torres, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Seymour Rotker, J.), rendered June 29, 2001, convicting him of criminal sale of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was indicted on two counts of criminal sale of a controlled substance in the third degree for allegedly selling cocaine to an undercover police officer on March 4, 1998, and March 19, 1998. The sales allegedly took place at a deli where the defendant worked. At the nonjury trial, the undercover police officer testified regarding the sales and identified the defendant as the person who sold the cocaine to him. The Supreme Court convicted the defendant on both counts.
Viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349), we find that it was legally sufficient to establish the defendant's guilt of both counts of criminal sale of a controlled substance in the third degree beyond a reasonable doubt (see Penal Law § 229.39[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPLR 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPLR 470.15[5]; People v Romero, 7 NY3d 633, 643).
The defendant contends that the Supreme Court should have granted his request for a permissive adverse inference charge with respect to the People's failure to turn over duly requested tape recordings and any other police records related to taped interactions between the undercover officer and a witness to the March 4, 1998, sale, who was also the defendant's unindicted co-defendant. " A permissive adverse inference instruction typically serves as either: (1) a penalty for the government's violation of its statutory and constitutional duties or its destruction of material evidence; or (2) an explanation of logical inferences that may be drawn regarding the government's motives for failing to present certain evidence at trial'" (People v Rosario, 143 AD3d 1004, 1005, quoting People v Durant, 26 NY3d 341, 347).
We agree with the defendant that the Supreme Court should have granted his request for a permissive adverse inference charge based upon the People's loss or destruction of the material requested by the defendant (see People v Handy, 20 NY3d 663, 669-670; People v Clarke, 66 AD3d 693). "[A] permissive adverse inference charge should be given where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State" (People v Handy, 20 NY3d at 669). Although the prosecutor stated that the missing tapes were unrelated to the sales at issue and were not recorded on the dates of the buys, he concededly never listened to them. Additionally, the officer who relayed the information that the tapes were not recorded on the dates of the buys to the prosecutor did not testify at trial.
Contrary to the People's contention, the error in denying the defendant's request for a permissive adverse inference charge was not harmless, as the evidence of the defendant's guilt, without reference to the error, was far from overwhelming (see People v Crimmins, 36 NY2d 230, 241; cf. People v Viruet, 29 NY3d 527, 533). Indeed, the undercover officer was the People's only witness to connect the defendant to the sales, and the Supreme Court expressly called the officer's credibility into question during his testimony. Since the evidence of the defendant's guilt was not overwhelming, "there is no occasion for consideration of any doctrine of harmless error" (People v Crimmins, 36 NY2d at 241). Moreover, even assuming that there was overwhelming evidence of guilt, it cannot be said that there is no significant probability that the court's failure to grant the defendant's request for a permissive adverse inference charge, and therefore consider in its deliberation the absence and significance of the missing tape recordings, contributed to the conviction (see People v Crimmins, 36 NY2d at 241-242; People v Bradshaw, 154 AD2d 690; see generally People v Handy, 20 NY3d 663; People v McArthur, 101 AD3d 752). As a result, a new trial shall be ordered.
In light of our determination, we need not reach the defendant's remaining contentions.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court