People v Zachary (2020 NY Slip Op 00165)





People v Zachary


2020 NY Slip Op 00165


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-06211
 (Ind. No. 13-00300)

[*1]The People of the State of New York, respondent,
v
Chaz Zachary, appellant. Richard Greenblatt, Highland Mills, NY, for appellant, and appellant pro se.


David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Jeffrey G. Berry, J.), rendered May 27, 2014, convicting him of assault in the second degree, attempted assault in the third degree, unlawful possession of marijuana, tampering with physical evidence, resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of tampering with physical evidence to attempted tampering with physical evidence, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.
On May 9, 2013, Police Officer Kevin Lahar and Police Officer William Lahar were assigned to a team of officers to police "quality of life crimes" in the City of Newburgh. That evening, the officers were conducting surveillance of a store located at 120 Broadway in the City in response to numerous complaints of "people drinking out in front of the store, dealing drugs and using drugs." At approximately 6:30 p.m., the officers observed the defendant exit the store holding a brown paper bag. The defendant was observed opening a bottle that was in the bag and drinking from it. The officers transmitted a description of the defendant over the radio to the other members of their team. Police Officer Roman Scuadroni, who was wearing a vest marked "police," responded to the scene and observed the defendant, who matched the description given in the radio transmission, holding a brown paper bag. Officer Scuadroni stopped his unmarked police vehicle, approached the defendant, and identified himself as a police officer. The defendant dropped the bag causing the bottle inside to shatter, and fled. As Officer Scuadroni pursued the defendant, he observed the defendant discard a plastic bag which, it was later determined, contained marijuana. Officer Scuadroni immediately recovered the bag and continued his pursuit of the defendant. Officer [*2]Scuadroni eventually caught the defendant and attempted to arrest him for violating the City's open-container law. Additional officers responded to the scene, and once the defendant was subdued, he was placed under arrest. A plastic bag containing numerous smaller bags of what was later determined to be cocaine was seized from the defendant's person. The defendant was then transported to the police station. At the station, the defendant asked Officer Scuadroni, among other officers, if he was the officer that pursued him. Officer Scuadroni responded "yes." Office Scuadroni then took the defendant to a room in the station that was used to conduct strip searches (hereinafter the strip search room). Upon removing the defendant's handcuffs to conduct a strip search, the defendant punched Officer Scuadroni in the head, causing him to sustain a laceration that required three surgical staples.
Prior to trial, the defendant made an omnibus motion, inter alia, to suppress physical evidence and his statements to law enforcement officials. The County Court denied those branches of the omnibus motion. At trial, the defendant testified, among other things, that he was holding a bottle of ginger ale, not alcohol, and denied discarding a bag of marijuana as he was being chased by Officer Scuadroni. The defendant claimed that he stopped running as soon as he realized that Officer Scuadroni was a police officer, and that nothing was recovered from his person following his arrest. The defendant testified that he began "tussling" with Officer Scuadroni in the strip search room after Officer Scuadroni twisted his arm. After a jury trial, the defendant was convicted of assault in the second degree, attempted assault in the third degree, unlawful possession of marijuana, tampering with physical evidence, resisting arrest, and criminal possession of a controlled substance in the seventh degree.
The defendant's contention, raised in his pro se supplemental brief, that the County Court should have granted those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials is without merit. We agree with the court's determination, based on the evidence that it found to be credible, that Officer Scuadroni was justified in pursuing the defendant when he fled and had probable cause to arrest the defendant for violating the City's open-container law (see CPL 140.10; People v Britt, 160 AD3d 428, 429-430; People v Diggs, 153 AD3d 1428; People v Mitchell, 148 AD3d 730, 731; People v Pace, 143 AD3d 1286, 1287; People v Basono, 122 AD3d 553, 553; People v Bothwell, 261 AD2d 232, 234).
We agree with the County Court's denial of the defendant's request for an adverse inference charge with respect to a 15-second gap in video footage taken from one of three camera angles of the incident in the strip search room. The defendant does not contend that video footage of the incident taken from the other two camera angles had any gaps. " [U]nder the New York law of evidence, a permissive adverse inference charge should be given where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the State'" (People v Rosario, 143 AD3d 1004, 1004-1005, quoting People v Handy, 20 NY3d 663, 669). Here, there was no evidence that the police erased, altered, or deleted any portion of the subject video footage (see People v Rosario, 143 AD3d at 1004; People v Robinson, 143 AD3d 744, 745; People v Charlton, 69 AD3d 647, 647; People v Leon, 148 AD2d 752, 753).
The defendant's contention that the evidence was not legally sufficient to support his conviction of tampering with physical evidence is unpreserved for appellate review, as his general motion to dismiss the indictment made at the close of evidence failed to specify any grounds for dismissal (see CPL 290.10, 470.05[2]; People v Gomez, 153 AD3d 724, 725; People v Booker, 111 AD3d 759, 759). However, we exercise our interest of justice jurisdiction to review the issue (see CPL 470.15[6][a]). Viewing the evidence in the light most favorable to the prosecution, the evidence was legally insufficient to support a conviction of tampering with physical evidence (see People v Parker, 148 AD3d 1583, 1584-1585). A person is guilty of tampering with physical evidence when, "[b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he [or she] suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person" (Penal Law § 215.40[2]). "Although the offense of tampering with physical evidence does not require the actual suppression of physical evidence, [*3]there must be an act of concealment while intending to suppress the evidence" (People v Parker, 148 AD3d at 1585; see People v Eaglesgrave, 108 AD3d 434, 434; cf. People v Atkins, 95 AD3d 731, 731; People v Davis-Ivery, 59 AD3d 853; People v Green, 54 AD3d 603, 603-604).
Here, the charge of tampering with physical evidence was based on the defendant's act of discarding the plastic bag containing marijuana as he was being pursued by Officer Scuadroni for violating the City's open-container law. Contrary to the People's contention, the defendant's act of discarding the bag did not constitute an act of concealment within the meaning of Penal Law § 215.40(2). Nevertheless, since the defendant "engage[d] in conduct that tends to effect, and comes dangerously near to accomplishing, an act of concealment intended to suppress the physical evidence" (People v Eaglesgrave, 108 AD3d at 434), there is legally sufficient evidence to sustain a conviction of attempted tampering with physical evidence (see Penal Law §§ 110.00, 215.40[2]; People v Parker, 148 AD3d at 1585). Accordingly, we reduce the defendant's conviction of tampering with physical evidence to attempted tampering with physical evidence, and vacate the sentence imposed thereon. Although the defendant has already served the maximum permissible sentence for attempted tampering with physical evidence, we remit the matter to the County Court, Orange County, for sentencing on that crime. We note that the sentence on that crime must include a credit for the time the defendant has already served.
Contrary to the defendant's contention, the sentence imposed on his conviction of assault in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, relating to the County Court's charge to the jury is unpreserved for appellate review, and we decline to review the contention pursuant to our interest of justice jurisdiction. The remaining contentions raised in the defendant's pro se supplemental brief are without merit.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court