People v Jolivert (2020 NY Slip Op 51355(U))

[*1]

People v Jolivert (Danielle)

2020 NY Slip Op 51355(U) [69 Misc 3d 141(A)]

Decided on November 12, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, JERRY GARGUILO, JJ

2017-2433 N CR

The People of the State of New York,
Respondent,
against
Danielle Jolivert, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for
appellant.
Nassau County District Attorney (Monica M.C. Leiter and Autumn S. Hughes of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Colin F.
O'Donnell, J.), rendered November 30, 2017. The judgment convicted defendant, upon a jury
verdict, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
In January 2016, defendant was charged in a felony complaint with grand larceny in the
fourth degree (Penal Law § 155.35). In March 2016, the felony complaint was reduced to a
misdemeanor complaint (see CPL 180.50) charging defendant with petit larceny (Penal
Law § 155.25), and a supporting deposition by the complainant was filed. The accusatory
instrument, along with the supporting deposition, alleged that defendant had employed the
complainant to prepare her tax returns and, thereafter, the IRS had deposited a sum of money (a
tax refund) into defendant's bank account that should have been deposited into the bank account
of a different client of the complainant. After defendant informed the complainant of the
unexpected deposit, the complainant told defendant not to withdraw the money and that he would
make arrangements for the money to be returned to the IRS. However, by the time defendant's
bank was instructed to return the money to the IRS, defendant had withdrawn the money from
her account. Thereafter, defendant moved to, among other things, dismiss the accusatory
instrument on the ground that it [*2]is facially insufficient, which
motion the District Court denied. Following a jury trial, defendant was found guilty of petit
larceny. She was sentenced to a conditional discharge, including the payment of restitution,
which defendant has paid in full. 
On appeal, defendant contends that the accusatory instrument is facially insufficient, the
accusatory instrument was improperly constructively amended, the District Court's charge to the
jury was improper, the evidence was legally insufficient, and the verdict was against the weight
of the evidence.
Upon a review of the accusatory instrument, and giving the instrument's factual allegations
"a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360
[2000]), we find that the misdemeanor information sets forth nonhearsay allegations of fact of an
evidentiary character that establish, if true, every element of the offense charged (see CPL
100.15 [3]; 100.40 [1] [c]; People v Jackson, 18 NY3d 738, 747 [2012]; People v
Jones, 9 NY3d 259 [2007]; People v Casey, 95 NY2d 354; People v
Alejandro, 70 NY2d 133 [1987]). 
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for
appellate review since, at trial, she failed to raise the specific arguments she now makes on
appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008];
People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In
any event, since there is no preservation requirement associated with defendant's contention that
the verdict was against the weight of the evidence, we can necessarily determine whether all of
the elements of the crime as charged to the jury were proven beyond a reasonable doubt as part of
our weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349
[2007]; People v Thiel, 134 AD3d
1237 [2015]). Upon the exercise of our factual review power (see CPL 470.15 [5];
People v Danielson, 9 NY3d at 348-349), while according great deference to the trier of
fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess
their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict convicting defendant
of petit larceny was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant's remaining contentions have no merit and/or are unpreserved for appellate review
(see CPL 470.05 [2]; People v
Zachary, 179 AD3d 722 [2020]; People v Hernandez, 273 AD2d 176 [2000]),
and we decline to review them in the interest of justice. 
Accordingly, the judgment of conviction is affirmed. 
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2020